Opinion of the Court, by
Judge Mii.i.s.
THE plaintiffs in error obtained a decree in the court below against tile defendants, for a tract, of land, bj virtue of an adverse entry, survey and patent.
After this decree, at the June terqi of that court in the year 1813, commissioners were appointed to assess improvements, rents, waste, &c. under the occupy mg claimant laws; and at the September term following, they reported, and at the next succeeding March teim, rCporj. was quashed, on the motion of the plaintiffs in error.
A new set of commissioners were immediately ap-pointed, on the application of all the defendants except °ne’ an^ these rcP01'fed to the next June term, when the plaintiffs in error excepted to the report, and moved to quash it, on the ground, principally, that the defen-dunts were not such seaters and improvers as would entitle thqm to compensation for improvements, and had not such title as would enable them to recover,
The argument or trial of these exceptions did not tMie phtce, a!ic* no further notice was taken thereof, for nearly four years, to wit, until the March term 1818, whfen the following order appears oi record, to wit: (i q;i tjle mot¡on 0f (be defendants, by their counsel, for commissioners under the occupying claimant law, on hearing, it is ordered, that the said motion be overruled.”
At the September term in the same yqar 1818, a rule, on the application of the defendants, was made against the plaintiffs, to show cause why commissioners should Q he appointed.
This rule was continued until the June term 18!9, when it was made absolute, and the. commissioners granted, who reported, and judgment was rendered on their report in favor of the defendant, Bagby.
The plaintiffs, in resisting this appointment, relied upon the former decisions had therein, a? a bar to these proceedings; hut the court disallowed the plea, and the plaintiffs have prosecuted their writ of error.
These last proceedings were had at the instance of Robert Bagby, who was left out, or'specially excepted in the appointment at March term 1814.
Judgment rendered on bet'* of0* comm’rs unih-rtiie Decopy«'íí claim' a for-n.cr report oi a prior set ot péniiLg on a motion to qu«s!l »* cnoIleoUs'
jn¿r?mont overruling a motion by at. to**appoint^ conim’rs un-dvr the oceui-^bar^'ainsi éach of them," to a subso clu<;'1]!; , abudgment obtained ou tlie rePort 01 pobitedS at'Pa subsequent term>is elT0' neous'
Hoggin, for plaintiff.
The proceedings instituted at March term 1014, must either be considered as still pending, and (hat for that canse the court, in 1318, overruled an appointment under a new application, because the former proceed-ins£s were not ended, or the whole subject of appointing commissioners was disposed of at the March term 1818. Whichsoever way it is considered, it must be held fatal to the present proceedings; for, if the report made un* der the appointment of 18:4, is still pending and not disposed of, it was clearly improper to leave them not terminated, and to commence de novo.^. Generally, no person can prosecute two actions for the same cause, The pendency of one will abate the other, and the de-iendanf cannot be bound to answer as many suits as the plaintiff shall choose to bring. This principle, by analogy, must apply to, and govern proceedings under the occupying claimant law. If the defendants could begin anew, they might do it several times over, and thus harrass their adversary in a manner which the law will not tolerate. Of course, the new appointment ought pot to have been made.
If, however, the order of March 1818 is to be ronsid-eredasa decision against the defendants on the merits of their claim to improve ments, these proceedings cannot be sustained. A decision against the right, by a tribunal competent to decide, is a bar to future claim; and this principle must apply to these proceedings as well as others; and after the term was over, it was out ’ of the power of the inferior court; and as it was not reversed by a superior tribunal, it must remain conclusive,
Considering this order, then, as a decision against the right, no new appointment could take place; and in this light we are disposed to consider it, especially as it re-gnrdsthe present defendantln error, who was expressly omitted in the appointment of 1-814, and is included by the terms of the order of March 181<8.
All proceedings, therefore, commencing with the order of appointment of June 1 819, to the judgment on the report, are deemed erroneous, and must be reversed with costs, and the cause remanded, with directions to overrule the last application with costs.